UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20853-CIV-COOKE/TORRES

ASS ARMOR, LLC, and CASEY
TARYN, LLC,

    Plaintiffs,

vs.

UNDER ARMOUR, INC.,

    Defendant.

_____/

## ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE

    Plaintiff Ass Armor, LLC ("Ass Armor") filed the instant action against Defendant Under Armour, Inc. ("Under Armour") seeking both a declaration that its trademarks do not infringe upon Defendant's trademarks as well as cancellation of seven trademarks registered to Defendant.  On April 2, 2015, Defendant filed a Motion to Dismiss or Stay the Case Based on the First-Filed Rule (ECF No. 11) and accompanying Memorandum in Support (ECF No. 12).  Plaintiff Ass Armor filed its Opposition to Under Armour's Motion to Dismiss or Stay the Case Based on the First-Filed Rule (ECF No. 21) on April 20, 2015, to which Defendant filed its Reply Brief in Support of Motion to Dismiss or Stay (ECF No. 25) on April 30, 2015.  Therefore, Defendant's Motion is fully briefed and ripe for adjudication.  After reviewing the Motion, the Response and Reply thereto, the record, and relevant legal authorities, Defendant's Motion to Dismiss or Stay the Case Based on the First-Filed Rule is granted in part, and this case shall be stayed and administratively closed.

### I.  BACKGROUND

    On April 12, 2013, Casey Taryn ("Taryn") filed two applications with the United States Patent and Trademark Office ("USPTO") to register the word marks "ASS ARMOR" (Serial No. 85902314) and "PROTECT YOUR ASSETS" (Registration No. 4689230) for a "protective device worn for protection against injury to one or both of the buttocks and the coccyx for use when engaging in athletic activities."  On June 27, 2013, she filed another application with the USPTO for the Ass Armor design mark (Serial No.

85971961), and subsequently licensed the use of the Ass Armor word and design marks to Ass Armor. Under Armour filed a Notice of Opposition to Taryn's trademarks on April 9, 2014 before the Trademark Trial and Appeal Board ("TTAB"). Those proceedings were automatically suspended when Under Armour filed a complaint in the United States District Court for the District of Maryland, Case No. 15-cv-166, on January 20, 2015 ("Maryland Action"), alleging that Ass Armor's trademarks violate Under Armour's trademark rights in its "Under Armour", "Armour," "Protect This House", and other Armour-formative marks. In response, Ass Armor filed a motion to dismiss the Maryland Action for lack of personal jurisdiction, which is currently pending before the Maryland District Court. However, on March 2, 2015, Taryn and Ass Armor also filed the present action against Under Armour in the Southern District of Florida, seeking a declaratory judgment and cancellation of certain Under Armour trademarks ("Florida Action"). In response, Under Armour filed the instant motion to dismiss or stay the Florida Action on the basis of the first-filed rule.

## II. DISCUSSION

The "first to file" rule states that "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); s*ee United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (describing the first-filed rule as "well-established"). "The first to file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which courts may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (internal quotation marks omitted). Courts applying this rule generally agree "that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Id.*; *see e.g. Perkins v. Am. Nat. Ins. Co.*, 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action.").

When the first-to-file rule is applicable, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action. District courts have the inherent power to stay litigation pending the outcome of a related proceeding in another forum. Orders staying litigation are inherently discretionary, and stay orders are generally only overturned when they are "immoderate" and "of an indefinite duration." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). In applying the first-to-file rule, judges are afforded "'an ample degree of discretion.'" *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip, Co.*, 342 U.S. 180, 183-84 (1952)). In order to overcome the presumption favoring the forum of the first-filed suit, the objecting party must "carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).

Here, there is no dispute that Maryland Action was instituted before the Florida Action and that both suits involve overlapping issues and parties. However, Ass Armor argues that compelling circumstances exist warranting an exception to the first-filed rule, namely the anticipatory suit exception. This exception applies when "one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum." *Collegiate Licensing Co. v. Am. Casualty Co. of Reading, PA*, 713 F.3d 71, 79 (11th Cir. 2013) (citing *Manuel*, 430 F.3d at 1135). However, even if a court finds that a filing is anticipatory, "such finding does not automatically compel abandoning the first-filed rule. Rather, the matter remains one of discretion for the trial court." *Id.* Ass Armor argues that while the circumstances at hand are slightly different from those addressed by the anticipatory suit exception, Under Armour's actions are still encompassed by the exception. Namely, Ass Armor alleges that Under Armour surreptitiously filed the Maryland Action in an effort to automatically stay the TTAB proceedings and instead obtain a declaration of its rights in its home forum. Under Armour responds that the anticipatory suit exception is inapplicable here as it was unaware of any threat of suit by Ass Armor and independently sued to enjoin Ass Armor from using its mark.

In light of these arguments, I find that Ass Armor has failed to present arguments sufficient to establish the "compelling circumstances" required to warrant a departure from the first-to-file rule. Additionally, once a court has determined that a likelihood of

substantial overlap exists between two suits, it is no longer within the second court's discretion to resolve questions of whether both suits should be allowed to proceed. *Cadle*, 174 F.3d at 606.

### III.   CONCLUSION

Therefore, it is hereby **ORDERED and ADJUDGED** that:

1. Defendant Under Armour's Motion to Dismiss or Stay the Case Based on the First-Filed Rule (ECF No. 11) is **GRANTED** *in part* and this action is **STAYED** pending the resolution of the Maryland Action.

2. The parties shall file a status report regarding the Maryland and Florida Actions by **June 1, 2015** and **every thirty (30) days thereafter**.

3. The Clerk shall **ADMINISTRATIVELY CLOSE** this case until further notice.  Any pending motions are **DENIED** *as moot* and may be renewed when this case is reopened.

**DONE and ORDERED** in chambers at Miami, Florida this 7th day of May 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

4