UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-20853-Civ-COOKE/TORRES

ASS ARMOR, LLC and CASEY TARYN, LLC,

    Plaintiffs,

vs.

UNDER ARMOUR, INC.

    Defendant.

_____/

**ORDER ON MOTIONS TO EXCLUDE
EXPERT TESTIMONY AND EVIDENCE**

Before the Court are: (1) Defendant Under Armour, Inc.'s ("Under Armour") *Daubert* Motion to Exclude Report and Survey of Plaintiff's Expert Michael Rappeport, Ph.D. (ECF No. 115); (2) Plaintiffs Ass Armor, LLC and Casey Taryn, LLC's (together, "Ass Armor") Motion to Exclude the Expert Testimony of Hal Poret (ECF No. 121); and (3) Plaintiffs' Motion to Exclude the Expert Testimony of Jeffrey M. Samuels (ECF No. 120).

I have reviewed the Motions, responses, the record, and the relevant legal authorities. For the reasons that follow, I deny the motions.

**BACKGROUND**

Under Armour, incorporated in 1996, is a global company engaged in the development, marketing and distribution of performance apparel, footwear and accessories for men, women and youth. Ass Armor, founded in 2013, offers just one product: a stretchy pair of shorts with a shock-absorbing tailbone pad.

Ass Armor filed the present action against Under Armour seeking a declaratory judgment and cancellation of certain Under Armour trademarks. In response, Under Armour asserted counterclaims against Ass Armor accusing it of, *inter alia*, trademark infringement and trademark dilution. Under Armour alleges Ass Armor infringes on and dilutes Under Armour's trademark and "Protect this House" slogan by: (1) displaying its name in a font similar to the one Under Armour uses

1

across the waistband of its shorts, where it also displays its name on its apparel; and (2) using the slogan, "Protect your Assets."

Pending are motions to exclude the testimony of three experts: (1) Under Armour's expert, Poret, who conducted a consumer survey regarding the likelihood of confusion between Ass Armor's mark and Under Armour's mark; (2) Ass Armor's expert, Rappeport, who conducted a rebuttal consumer confusion survey; and (3) Under Armour's expert, Samuels, a former Assistant Commissioner for Trademarks at the U.S. Patent and Trademark office ("PTO") who Under Armour seeks to have testify about, *inter alia*, trademark law and PTO practices and procedures.

## STANDARD OF REVIEW

Federal Rule of Evidence 702 permits experts qualified by "knowledge, experience, skill, expertise, training, or education" to testify "in the form of an opinion or otherwise" based on "scientific, technical, or other specialized knowledge" if that knowledge will "assist the trier of fact to understand the evidence or to determine a fact in issue." The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the testimony is admissible. *See* Fed. R. Evid. 702, Advisory Committee Notes.

The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) requires a two-part analysis to determine admissibility. First, the court must determine whether an expert's testimony reflects "scientific knowledge," whether the findings are "derived by the scientific method," and whether the work product is "good science" – in other words, whether the testimony is reliable and trustworthy. *Id.* at 590 & n.9, 593. Second, the court must determine whether the testimony is "relevant to the task at hand." *Id.* at 597.

Although there is a presumption of admissibility, *id.* at 588, the court must act as a "gatekeeper" with regard to the admission of expert scientific testimony under Rule 702. *Id.* at 597. That said, "the Court's limited gatekeeping role 'is not intended to supplant' . . . the practice of cross-examination in a courtroom." *American K-9 Detection Servs., Inc. v. Rutherford Int'l, Inc.*, 2016 WL 2744958, at *5 (M.D. Fla. 2016) (quoting *United States v. Alabama Power Co.*, 730 F.3d 1278, 1282–85 (11th Cir. 2013)).

## DISCUSSION

I first address the arguments regarding the parties' survey experts, Poret and Rappeport.

### A. The Survey Experts: Poret & Rappeport

Surveys conducted by qualified experts and impartial interviewers are relevant to the issue of likelihood of confusion. *James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266 (7th Cir. 1976); *see Union Carbide Corp. v. Ever-Ready Inc.*, 531 F.2d 366 (7th Cir. 1976) (surveys taken by an expert in market research and public opinion admissible on the issue of likelihood of confusion between the parties' products); *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons*, 523 F.2d 1331 (2d Cir. 1975) (survey commissioned by domestic piano manufacturer to determine whether consumer confusion existed between its trade name and that of German manufacturer admissible).

To qualify a survey for admission into evidence, however, there must also be a showing of reliability. *Baumholser v. Amax Coal Co.*, 630 F.2d 550, 552 (7th Cir. 1980). The Federal Judicial Center's Manual for Complex Litigation suggests several factors a court should consider in assessing the adequacy of a survey's foundation and reliability, including whether: (1) "the population was properly chosen and defined;" (2) "the sample chosen was representative of that population;" (3) "the data gathered were accurately reported;" (4) "the data analyzed were in accordance with accepted statistical principles;" (5) "the questions asked were clear and not leading;" (6) "the survey was conducted by qualified persons following proper interview procedures;" and (7) "the process was conducted so as to ensure objectivity." MANUAL FOR COMPLEX LITIGATION § 11.493 (4th ed. 2004).

In its motion to exclude, Ass Armor challenges the reliability of Poret's survey methodology primarily on three grounds: (1) he used an improper control mark; (2) he failed to take into account the "crowded field" of third parties using "Armour/Armor" marks in the athletic apparel and equipment market; and (3) he used an unsuitable population of survey participants. Under Armour, on the other hand, argues the Rappeport's survey is unreliable primarily because: (1) he used improper control marks; and (2) his deviations from Poret's methodology are not the

3

product of reliable principles.[1] Thus, each side criticizes technical elements of the opposing side's survey.

Generally, "alleged technical deficiencies affect the survey's weight . . . and not its admissibility." *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 845 (11th Cir. 1983); *see ThermoLife Int'l v. Gaspari Nutrition Inc.*, 648 F. App'x 609, 613 (9th Cir. 2016) ("[S]urvey evidence should be admitted as long as [it is] conducted according to accepted principles and [is] relevant."); *Scott Fetzer Co. v. House of Vacums Inc.*, 381 F.3d 477, 488 (5th Cir. 2004) ("Usually, methodological flaws in a survey bear on the weight the survey should receive, not the survey's admissibility."); *Citizens Fin. Group, Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 120 (3d Cir. 2004) ("The courts have held generally that mere technical unreliability goes to the weight accorded a survey, not its admissibility."). Flaws in methodology must be "serious and pervasive" to justify exclusion under Rule 702. *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1246 (10th Cir. 2013).

I am not yet persuaded that either of the surveys in this case is so severely flawed that I should find one or both too unreliable to admit into evidence under Rule 702. *See id.* Indeed, both parties concede that their experts' methodologies were nearly identical. *See* ECF Nos. 115 at 5, 130 at 4. At issue are the technical differences between the methodologies – the control marks, participant population, etc. *See Jellibeans, Inc.*, 716 F.2d at 845. The experts will need to detail the significance of those technical differences at trial. *See In re Steffen*, 342 B.R. 861, 871 n.3 (Bankr. M.D. Fla. 2006) (expert may critique opposing expert's opinion). As it stands, the record is insufficient for me to determine what weight to accord each side's survey.[2]

---

[1] Under Armour also argues I should exclude Rappeport's testimony because other courts have done so in prior cases. Just because courts in prior cases deemed his testimony unreliable does not necessarily mean his testimony is unreliable in *this* case. *See Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1328 (11th Cir. 2014) (whether expert testimony is reliable depends on "the particular facts and circumstances of the particular case") (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 158 (1999)).

[2] As per Magistrate Judge Edwin G. Torres's November 18, 2016 Order on Defendant's Motion to Strike Jury Demand (ECF No. 160), there will be a bench trial in this case.

Accordingly, I decline to exclude the surveys and supporting testimony.[3]

### B. The PTO Expert: Samuels

Courts retain the discretion to exclude expert testimony that is unnecessary or unhelpful. *See* Fed. R. Evid. 702 (expert testimony admissible only if it "will assist the trier of fact to understand the evidence to determine a fact in issue"). In intellectual property cases, courts generally have determined that testimony by a PTO expert may include information regarding PTO procedures and policies and practices, *see, e.g.*, *Arklaine & Gina Rockey, Inc. v. Cordeis Corp.*, 2004 WL 5504978, at *25 (S.D. Fla. 2004), but should not involve opinion on legal issues. *See, e.g., Endress + Hauser, Inc. v. Hawk Measurement Systems Pty. Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997) (lawyers testifying as expert witnesses and giving their opinion regarding the proper interpretation of a claim as a matter of law improper); *Becton Dickinson and Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 797 (Fed. Cir. 1990) (witness's legal opinion "not fact evidence"). Thus, Ass Armor is entirely correct that Samuels' legal opinions are not factual evidence in this case.

As this is a bench trial without a jury, however, the need for an advance ruling to exclude Samuels' testimony is superfluous and unnecessary. *See Bristol-Myers Squibb Co. v. Andrx Pharm., Inc.*, 343 F. Supp. 2d 1124, 1131 (S.D. Fla. 2004) (advance rulings on admission of evidence unnecessary in bench trial "where the Court must evaluate the evidence regardless of whether it ultimately decides to exclude it"); *see also Multi–Medical Convalescent & Nursing Center,* 550 F.2d 974, 977 (4th Cir. 1977) ("In a non-jury trial . . . little harm can result from the reception of evidence that could perhaps be excluded . . . because the judge . . . is presumably competent to disregard what he thinks he should not have heard, or to discount it for practical and sensible reasons."). There is

---

[3] I find the parties' arguments under Federal Rules of Evidence 401, 402 and 403 also unconvincing. *See Gulf States Util. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) ("[E]xcluding relevant evidence [in a bench trial] on the basis of 'unfair prejudice' is a useless procedure. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision."); *United States v. Garber*, 607 F.2d 92, 115 n.9 (5th Cir. 1979) (in a bench trial, there is "no need for the court to be concerned about the danger of prejudice and confusion as it must be in a jury trial").

no risk of prejudice or confusion here. I will not accept Samuels' legal opinions as fact.

Of course, I reserve the right to disregard Samuels' testimony in whole or in part if, at trial, it "turns out not to meet the standard of reliability established by Rule 702." *Estate of Stuller v. U.S.*, 811 F.3d 890, 895 n.3 (7th Cir. 2016); *see Seaboard Lumber Co. v. United States,* 308 F.3d 1283, 1302 (Fed. Cir. 2002) (in bench trials, "the *Daubert* standards of relevance and reliability must still be met").

## CONCLUSION

In light of the above, it is hereby **ORDERED and ADJUDGED** that:

1. Defendant Under Armour, Inc.'s *Daubert* Motion to Exclude Report and Survey of Plaintiff's Expert Michael Rappeport, Ph.D. (ECF No. 115) is **DENIED**.

2. Plaintiffs Ass Armor, LLC and Casey Taryn, LLC's Motion to Exclude the Expert Testimony of Hal Poret (ECF No. 121) is **DENIED**.

3. Plaintiffs' Motion to Exclude the Expert Testimony of Jeffrey M. Samuels (ECF No. 120) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 8th day of December, 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*